IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES MEYERS, on behalf of himself and all others similarly situated, | CASE NO. 3:19-cv-00070-WHR |
| Plaintiff, | JUDGE WALTER H. RICE |
| vs. | MAGISTRATE JUDGE SHARON L. OVINGTON |
| BOOMERANG RUBBER, INC., | |
| Defendant. | **STIPULATED PROTECTIVE ORDER** |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Purpose.** The purpose of this Stipulated Protective Order (the "Protective Order") is to facilitate expeditious discovery and exchange of information and documents in the above captioned action (hereinafter the "Action") and protect interests in confidential and commercially-sensitive information and documents of Boomerang Rubber, Inc.

2. **Scope.** This Protective Order shall govern the handling of all information and documents produced or exchanged by and among any person or entity, whether a party or non-party (hereinafter "Person"), whether acting on its own or through counsel to this Action, and whether such information and documents are produced or exchanged in the course of informal or formal discovery, including, but not limited to, documents and information that may be produced or exchanged in good faith prior to the commencement of formal discovery, initial disclosures, all responses to formal discovery requests, all deposition testimony and exhibits, electronic data, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this

1

Protective Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. This Protective Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

  3.  **Form and Timing of Designation.**

    **(a)**  **Production by a Party.** A party may designate documents as confidential and restricted in disclosure under this Protective Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot by itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying

during such an inspection shall be marked CONFIDENTIAL, as required under this Protective Order and thereafter the copies shall be subject to protection under this Protective Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order.

**(b) Production from Non-Parties.** Confidential information produced by non-parties may also be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" A party may designate information produced by non-parties as confidential by providing a log to the other parties. The log shall identify the confidential information by Bates number, if available, or by description of the information for which it claims confidentiality under this Protective Order. The Parties will then prominently mark all such information in their possession as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The designating party shall have thirty (30) days, which may be extended by agreement, to provide the log.

**4. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, proprietary payroll, bonus, and incentive programs, commercial and business information, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not

be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

5. **Depositions.** If a party believes that protected information belonging to it has been or may be disclosed in the course of any deposition (whether through any question, answer, colloquy and/or exhibit), then such person may designate the deposition, portion thereof, or exhibit as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by (1) stating on the record of the deposition that such deposition, portion thereof, or exhibit is "Confidential"; or by (2) stating in a writing served on counsel for the other party, up to thirty (30) days after receipt of such deposition transcript by the designating person, that such deposition, portion thereof, or exhibit is "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER". The deposition transcript and exhibits shall be treated as "Confidential" in accordance with the provisions of this Protective Order until written designation is made or the time within which to make such designation has expired. When a claim of confidentiality is made at any deposition, all persons in attendance who, by virtue of the terms of this Protective Order, do not have access to such Protected Information shall be excluded from attendance at the portion or portions of the deposition at which such Protected Information will be or might be disclosed. If any deposition, portions thereof, or exhibits are identified as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" then all originals, copies, and synopses thereof shall be marked in accordance with this Protective Order. If all or part of a videotaped deposition is designated as confidential, the video media shall be labeled "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER". Nothing in this Protective Order shall be construed to limit the right of the producing person to use its confidential information for any purpose.

6. **Protection of Confidential Material.**

    (a) **General Protections.** Documents designated CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER under this Protective Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery, motion practice, and trial in this Action subject to the terms contained in Paragraph 10 of this Protective Order.

**(b)** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1)** **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the Action;

**(2)** **Parties.** Parties and employees of a party to this Protective Order.

**(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in **Attachment A**, <u>Acknowledgment of Understanding and Agreement to Be Bound</u>; and

**(5)** **Others by Consent.** Other persons only by written consent of the

producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in **Attachment A**, <u>Acknowledgment of Understanding and Agreement to Be Bound</u>.

**(6)** **Additional Categories of Protection**. The parties do not foresee the need to disclose highly sensitive, proprietary, and/or trade secret information in connection with this case. However, should the need to disclose such information arise, the parties agree to revise this stipulation to appropriately limit the disclosure of such information.

**(7)** Each Acknowledgment of Understanding and Agreement to Be Bound that may be executed pursuant to this Protective Order shall be kept on file by counsel who obtained that Acknowledgment and shall be made available for inspection by the Court or a party's counsel upon good cause shown. Counsel of record shall exchange the signed Acknowledgements upon request at the conclusion of litigation.

**(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Protective Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Protective Order for a period of one (1) year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER under this Protective Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Protective Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e)** **Inadvertent Production.**

(1) **Notice.** If a party inadvertently fails to designate confidential information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" when that information is produced, disclosed, or otherwise provided in this Action, the party shall give notice to the other parties of the inadvertent omission promptly upon discovery thereof. The information shall then be treated as if the designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" had been made when the confidential information was first produced, disclosed or otherwise provided in this Action.

(2) **No Waiver of Attorney-Client Privilege or Work-Product Immunity.** Information subject to a claim of attorney-client privilege or work product immunity inadvertently or mistakenly produced shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. Any person receiving information subject to a claim of attorney-client privilege or work product immunity shall

return the original and all copies of such information to the disclosing party within ten (10) days after being notified of the inadvertent or mistaken disclosure.

**7. Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Absent a statute or an order of this Court, documents may not be filed under seal. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon good cause, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom absent a Court order. The hearing, argument, or trial will be public in all respects absent a Court order. The party who intends on presenting confidential information at a hearing, argument, or trial shall be required to provide all other parties advanced notice in accordance with the procedure outlined in Paragraph 10 of this Protective Order. Nothing contained herein shall restrict or otherwise impede a party's ability to file a motion seeking an Order whereby the hearing, argument, or trial will be held outside of the presence of the public upon a showing of good cause by the moving party.

8. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Protective Order or any action or agreement of a party under this Protective Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public absent Court order. Absent an order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective Order, including copies as defined in ¶ 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies

to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12.** **Order Subject to Modification.** This Protective Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**13.** **No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Protective Order by its terms.

15. **No Waiver.** Nothing in this Protective Order shall affect the right of any party to seek greater protection than that provided for herein for any information including, but not limited to, defenses or objections to the discovery or production of information, and to the use or admissibility at trial of any evidence, whether or not comprise of information governed by this Protective Order. A party may seek relief from any of these provisions or challenge the designation of confidentiality of any information by motion to this Court with notice and an opportunity to be heard provided to all parties, and any third party producing such information.

16. **Preservation of Rights.** In entering into this Protective Order, the parties preserve all rights and objections they may have in this lawsuit to the use of confidential information.

*So Ordered.*

Date: 8-7-19

_____
U.S. District Judge

**WE SO MOVE/STIPULATE and agree to abide by the terms of this Protective Order**

Dated: August 2, 2019

**NILGES DRAHER LLC**

/s/ Robi Baishnab
Robi J. Baishnab (0086195)
34 N. High Street
Suite 502
Columbus, OH 43215
Telephone: (614) 824-5770
Fax: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street N.W.
Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Attorneys for Plaintiff*

**WE SO MOVE/STIPULATE and agree to abide by the terms of this Protective Order**

Dated: August 2, 2019

**SUTTER O'CONNELL**

/s/ Derek P. Hartman
Jonathan Menuez (0064972)
Derek P. Hartman (0087869)
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio 44114
Phone: (216) 928-2200
Fax: (216) 928-4400
Email: dhartman@sutter-law.com
Email: jmenuez@sutter-law.com

*Attorneys for Defendant Boomerang Rubber, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **JAMES MEYERS**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**BOOMERANG RUBBER, INC.**,<br><br>Defendant. | CASE NO. 3:19-cv-00070-WHR<br><br>JUDGE WALTER H. RICE<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND CONFIDENTIALITY** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  _____
  Signature

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2019 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/*Robi J. Baishnab*
Robi J. Baishnab

*Attorney for Plaintiff*